955 F.2d 42
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sylvester AKINKOUTU, a/k/a Henry Babalola, Defendant-Appellant.
 No. 90-5662.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1991.
Decided Feb. 20, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, Senior District Judge. (CR-89-457-JFM)
 Argued: Michael Joseph Gentile, Whiteford, Taylor & Preston, Towson, Md., for appellant; Jane F. Barrett, Assistant United States Attorney, Baltimore, Md., for appellee.
 On Brief: Richard D. Bennett, United States Attorney, Carmina S. Hughes, Assistant United States Attorney, Ira L. Oring, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before K.K. HALL, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Sylvester Akinkoutu was convicted of possessing five or more false identification documents with the intent to use or transfer them unlawfully, 18 U.S.C.A. § 1028(a)(3) (West Supp.1991), and reentering the United States after deportation, 8 U.S.C.A. § 1326 (West Supp.1991). He appeals his conviction, arguing that the district court denied his Sixth Amendment right to counsel of his choosing, U.S. Const. amend. VI. We affirm.
 
 I.
 
 2
 Following Akinkoutu's arrest in early December 1989, attorney Roland Walker entered an appearance on Akinkoutu's behalf and moved for a Continuance of Arraignment and Reconsideration of Release Pending Trial. On December 20, 1989, attorney Mark Van Bavel, Walker's law partner, represented Akinkoutu at his detention hearing. Approximately one week later, Van Bavel signed and filed a Motion to Suppress Evidence on Akinkoutu's behalf.
 
 
 3
 Just prior to the beginning of his trial, on the morning of January 29, 1990, Akinkoutu appeared with Van Bavel and sought permission to address the district court. Akinkoutu stated that he had retained Walker to represent him during the trial and that Walker was not present. He informed the court that although Van Bavel was present and prepared to defend him, he wanted Walker to represent him. In response to questioning from the court, Van Bavel stated that he had been meeting with and representing Akinkoutu since the indictment was returned and had prepared for trial. Akinkoutu confirmed that this was correct but asserted that he had retained Walker to try the case. Van Bavel then informed the court that Walker had had extremely limited involvement in the case, having accompanied Van Bavel only on one occasion to a meeting with Akinkoutu. Additionally, Van Bavel stated that he believed that Akinkoutu had become increasingly dissatisfied with his representation because he had been unable to negotiate a plea agreement that guaranteed Akinkoutu a suspended sentence. The court inquired of Van Bavel whether this was the sole basis for the difficulty, and Van Bavel expressed his opinion that it was. Akinkoutu then emphasized that he believed that Walker could represent him better than Van Bavel. Construing the exchange as a motion to substitute counsel, and noting that the motion was made just prior to jury selection, the court denied the motion. Akinkoutu proceeded to trial with Van Bavel representing him and was convicted.
 
 
 4
 The district court conducted a sentencing hearing on April 30, 1990 at which Van Bavel represented Akinkoutu. On appeal the Government agreed that errors committed during Akinkoutu's sentencing required resentencing. This court granted Akinkoutu's unopposed motion to vacate his sentence and remand for resentencing, leaving Akinkoutu's challenge to his conviction as the only remaining issue before the court. United States v. Akinkoutu, No. 90-5662 (4th Cir. June 3, 1991).
 
 II.
 
 5
 The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const.amend.VI. This right encompasses, among others, the "right to select and be represented by one's preferred attorney." Wheat v. United States, 486 U.S. 153, 159 (1988). This right, however, is not without limitations and is satisfied so long as the defendant is given a reasonable opportunity to retain counsel of his choosing. See United States v. Gallop, 838 F.2d 105, 107-08 (4th Cir.), cert. denied, 487 U.S. 1211 (1988).
 
 
 6
 Akinkoutu argues that he was denied the right to counsel of his choosing by the refusal of the district court to postpone his trial until he could secure Walker's attendance. In reviewing the refusal of a trial court to permit the substitution of counsel, we must consider: (1) the timeliness with which the motion was made; (2) the adequacy of the inquiry by the district court into the defendant's objection to proceeding with present counsel; and (3) whether the conflict between attorney and client had become so acute that communication was completely lacking. Id. at 108. We review the refusal of the district court to grant a continuance to permit the substitution of counsel only for an abuse of discretion. See id.
 
 
 7
 The record indicates that although Akinkoutu knew that Van Bavel had represented him throughout the pretrial proceedings, he made no attempt to bring the problem to the attention of the court until immediately before jury selection. The court made a thorough inquiry of Van Bavel and Akinkoutu to determine the source of the difficulty and its effect on the attorney-client relationship. This inquiry disclosed that the sole source of Akinkoutu's dissatisfaction with Van Bavel's representation was the attorney's inability to negotiate a more favorable plea agreement. Additionally, although Akinkoutu contends that the attorney-client relationship had, by the morning of trial, degenerated to the point where communication was impossible, this argument is significantly undermined by the fact that Akinkoutu chose to have Van Bavel represent him at his sentencing hearing three months later. We cannot say, on these facts, that the district court abused its discretion in refusing to continue trial to permit a substitution of counsel or that Akinkoutu did not have a reasonable opportunity to retain counsel of his choosing.
 
 
 8
 AFFIRMED.